**Wilfred R. PHIPPS, Petitioner,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

Appeal No. 85–898.

United States Court of Appeals, Federal Circuit.

July 12, 1985.

Mathias Lloyd Spiegel, of New York City, argued for petitioner.

Stephen J. McHale, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., argued for respondent. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Washington, D.C.

Before RICH, Circuit Judge, NICHOLS, Senior Circuit Judge, and BALDWIN, Circuit Judge.

NICHOLS, Senior Circuit Judge.

Mr. Phipps, an employee in the competitive (career) service, at Grade 13 in the respondent Executive Department, received a series of temporary promotions extending for 2 years, 8 months, to a Grade 14 level position which was "encumbered" by another person who, in turn, was serving elsewhere temporarily in Grade 15. Extensions after 2 years were with the consent of the Office of Personnel Management (OPM), and Mr. Phipps expressly agreed, in writing, to revert to his permanent position on expiration of his extended term. Nevertheless, he resisted, contending that by an OPM regulation, 5 C.F.R. § 752.401(c)(7), he was entitled after 2 years to retain his temporary promotion notwithstanding his agreement. He was accorded "adverse action" procedures and the Merit Systems Protection Board (MSPB or board), reversing its presiding official, upheld the return holding it was for "such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a), 23 M.S.P.R. 486 (1984). We affirm, though on other grounds.

*Discussion*

The case, in our opinion, really turns on the meaning of the pertinent OPM regulation, in its context with others, and of a precedent Court of Claims decision, *Crowley v. United States*, 527 F.2d 1176, 208 Ct.Cl. 415 (1975).

The regulation in question undertakes to state for what employment decisions in the Executive Branch the "adverse action" procedure is required by statute, 5 U.S.C. §§ 7512, 7513. One provision enumerates among the exceptions to adverse action procedures:

(7) Action which terminates a temporary promotion within a maximum period of two years and returns the employee to the position from which temporarily promoted * * *.

Phipps argues, and apparently the agency agrees, that this requires by negative inference an adverse action whenever the temporarily promoted employee remains in his temporary job for over 2 years. It certain-

ly could be so understood though, as we will show, this is not the only possible construction. Phipps then argues the so-called "nexus doctrine," saying in effect that another having a stronger claim to the job does not justify an employee's removal from it; there must be a stronger and more persuasive nexus than avoidance of having to pay two persons the salary for one job.

The government relies on the *Crowley* case, *supra*, as establishing the sufficiency of such nexus. Applying to veterans as the ones covered by the "efficiency of the service" or nexus umbrella at that time, *Crowley* dealt with a regulation with no exception for 2-year temporaries but requiring "adverse action" procedure for all demotions. The procedure having been accorded, the *Crowley* court agreed the action was within the law without any showing of misconduct or unfitness. Such a showing was unnecessary where the demotion was to effectuate an agreement, entered into when the promotion was made, that the promotion should be temporary. The *Crowley* court referred to the then new regulation excluding from adverse action procedure the ending of temporary promotions of 2 years or less, to return to the permanent position, but it took effect too late to affect the *Crowley* action and no construction of it was given.

The position of petitioner in essence is that adverse action procedural rights are normally given to protect employees' property rights in their jobs; thus there is no provision in the statute for adverse action procedures respecting probationary employees who do not have such property rights. Therefore, the regulation implies that property rights exist if the employee remains in enjoyment of the temporary promotion after 2 years have run, as well as that he does not before 2 years have run. The difference in procedure must reflect some difference in substantive rights not otherwise made evident. It looks as if Phipps claims title by adverse possession much as one might to real estate if limitations had run on any actions to recover possession or try title, but he was in possession expressly disclaiming fee title.

The government refers to 5 C.F.R. § 335.102 as requiring the approval of OPM for temporary promotions aggregating over 2 years. Apparently it authorizes such promotions without reference to OPM up to 2 years. In pertinent part it reads:

> Subject to * * * [preconditions here irrelevant] an agency may:
>
> * * * * * *
>
> (f)(1) Except as otherwise specifically authorized by OPM, temporarily promote an employee to meet a temporary need for a definite period of 1 year or less and extend such a promotion for a definite period not to exceed 1 additional year.

This regulation reads like the product of sleepy conferees anxious to adjourn at midnight, but it can only mean the periods of temporary promotion, 1 year and 1 year, can be extended as specifically authorized by OPM and not otherwise. This is the construction given in this case and, we assume, is canonical. The regulation continues—

> At the end of the period for which the agency temporarily promoted the employee, or when the agency determines that it no longer needs the employee in the position, the agency shall return the employee to the position from which it temporarily promoted him, * * *

It seems apparent the "period" here is the actual duration of the temporary promotion, not 2 years or any other fixed time, and thus recognition is not given to the existence of a new and different property right if the employee serves over 2 years under the promotion. The regulation continues—

> The return of an employee to the position from which the agency temporarily promoted him under this subparagraph * * is not subject to Parts 351, 752, 771 * * * of this chapter.

Part 351 deals with reduction in force. Parts 752 and 771 are, respectively, the adverse action and grievance appeal procedures. They do not apply to a return at the end of any period. It may be noted that § 771.206(c)(vii) rather closely tracks

§ 752.401(c)(7) in not expressly referring to the case of a temporary promotion extended beyond 2 years with OPM consent.

We think that the regulation quoted above, § 335.102(f)(1), whatever its other obscurities, quite sufficiently refutes the ideas either that a useless ritual of an adverse action is to be staged whenever a temporarily promoted employee remains in the position to which temporarily promoted over 2 years with OPM consent, and is then returned to the previous position, or that, whatever the intentions of the agency, the OPM, and the employee himself, the mere lapse of time creates new substantive property rights in the position to which temporarily promoted. This being so, the negative inference from § 752.401(c)(7) cannot stand as the true meaning and intent of the regulations read as a whole.

This disposes of the "nexus" question in a much more satisfactory way than by postulating a useless adverse action which could have only one result in view of the substantive legal rights of the parties to the dispute. If an adverse action is not required, a nexus is not required.

Should the regulations not dispose of the problem, petitioner would encounter a further burden in persuading the court to disregard his express written commitment to accept return to the former position on expiration of his last extension. The parties have not briefed whether a person could by waiver or estoppel give up the property right which he is argued otherwise to have in a federal job. Even though the rights asserted are not themselves contractual in nature, it should be noted that *Crowley* applied the employee's agreements as fixing the duration of the temporary promotions. In the circumstances of this case, we do not reach such questions and do not wish to be understood as passing upon them.

Petitioner requests counsel fees, but he is not the prevailing party under the decision we reach and therefore is not entitled to them.

*Conclusion*

The decision of the MSPB under review is affirmed, though on other grounds.

Affirmed.