**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

VALINDA L. SMITH,

          Appellant,

        v.

DEPARTMENT OF AGRICULTURE,

          Agency.

DOCKET NUMBER
DA-3443-16-0139-I-1

DATE: February 10, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Terrence J. Johns</u>, New Orleans, Louisiana, for the appellant.

<u>Sandy S. Francois</u>, New Orleans, Louisiana, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The facts material to the dispositive jurisdictional issue are undisputed. The appellant received a time-limited promotion, effective June 29, 2014, from her GS-6 Procurement Technician position to a GS-7 Acquisitions Specialist position pursuant to an employment training opportunity under the agency's Career Enhancement Program (CEP). Initial Appeal File (IAF), Tab 34, Initial Decision (ID) at 2; IAF, Tab 20 at 15, 20. The Standard Form 50 (SF-50) documenting the personnel action reflected that the promotion was made pursuant to 5 C.F.R. § 335.102 and not to exceed (NTE) June 28, 2015.[2] IAF, Tab 20 at 20. Although the time-limited promotion originally was scheduled to expire by June 28, 2015, the agency extended it to July 26, 2015. IAF, Tab 21 at 7. On or about August 29, 2015, two months after the expiration date of the appellant's temporary promotion, the agency retroactively returned her to her GS-6

_____

[2] Under 5 C.F.R. § 335.102(f), agencies have the authority to "[m]ake time-limited promotions to fill temporary positions . . . for a specified period." The regulation further states that "the employee may be returned at any time to the position from which temporarily promoted, or to a different position of equivalent grade and pay, and the return is not subject to the procedures in parts 351, 432, 752, or 771 of this chapter." 5 C.F.R. § 335.102(f)(1).

Procurement Technician position effective June 28, 2015. IAF, Tab 30 at 5; ID at 2 & n.2.

¶3      The appellant filed a Board appeal alleging that she was constructively demoted because she completed the agency's CEP training, and, therefore, the agency was required to retain her at the higher-grade level. IAF, Tab 1 at 4, 6, Tab 22 at 1, Tab 28 at 1; ID at 2-3. The appellant also alleged that the job announcement for the promotion did not indicate that it was for an NTE position, that the agency paid her as if the position was permanent, and that the agency improperly reclassified the promotion as temporary. IAF, Tab 25 at 4-5; ID at 3. The appellant further alleged that the agency improperly returned her to her former position without informing her that it was ending her promotion and that the agency did not inform her that she could appeal her reduction in grade. IAF, Tab 9 at 3; ID at 3. The appellant also raised claims of discrimination based on her race, color, disability, and age. IAF, Tab 1 at 6.

¶4      The administrative judge explained the Board's criteria for establishing jurisdiction over her appeal and directed the appellant to meet her jurisdictional burden of proof. IAF, Tab 18 at 1-2. The agency responded by filing a motion to dismiss the appeal for lack of jurisdiction, arguing that the termination of a temporary promotion is excluded from the types of adverse actions that are appealable to the Board. IAF, Tab 21 at 4-5; ID at 5, 12. The administrative judge found that the appellant had raised a sufficient question of fact as to whether the terms of the agency's training program required her to be promoted and, therefore, that she was entitled to a jurisdictional hearing. IAF, Tab 22 at 1.

¶5      After holding a hearing on the jurisdictional issue, the administrative judge granted the agency's motion and dismissed the appeal for lack of jurisdiction. ID at 1; IAF, Tab 33, Hearing Compact Disc. In the initial decision, the administrative judge found that CEP positions are temporary 52-week training programs and that the failure of the appellant's supervisor to take action following the expiration of her CEP training period did not render her

time-limited CEP promotion permanent. ID at 6, 8. The administrative judge also found that the appellant knew her CEP promotion was limited in duration and that she failed to complete the required CEP training. ID at 9-10.

¶6        The administrative judge further found that the vacancy announcement specified that the appellant's CEP position was temporary, with an option to become permanent only upon satisfactory completion of training and performance requirements, and that "promotion is neither implied nor guaranteed." ID at 9. In addition, the vacancy announcement specified that the employee would be returned to her position of record if the training and performance requirements were not met. *Id.* Based on these findings, the administrative judge concluded that the appellant failed to establish by preponderant evidence that the CEP position gave her greater rights than those granted to a temporarily promoted employee under 5 C.F.R. § 335.102(f) and that she had no appeal rights because the termination of her temporary promotion clearly met the definition of an excluded action described in 5 C.F.R. § 752.401(b)(12). ID at 10-11. Accordingly, the administrative judge found that the appellant failed to fulfill her burden of showing that the Board has jurisdiction over her appeal. ID at 11-12. The administrative judge also found that, absent an otherwise appealable issue, the Board has no jurisdiction over the appellant's allegations of prohibited discrimination based on race, color, disability, and age. ID at 12.

¶7        The appellant has filed a petition for review of the initial decision, generally repeating the arguments she made on appeal alleging, among other things, that she successfully completed the required CEP training and the agency's action was actually an improper demotion. Petition for Review (PFR) File, Tab 1 at 3-4. The appellant also alleges that her supervisor committed perjury at the hearing. *Id.* at 3. The agency has responded in opposition to her petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8      The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the burden of proving Board jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). Preponderant evidence is defined as "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." 5 C.F.R. § 1201.4(q). For the following reasons, we find that the appellant has failed to prove that the Board has jurisdiction over her appeal.

¶9      The U.S. Court of Appeals for the Federal Circuit has held the regulatory provisions of 5 C.F.R. § 335.102(f)(1) do not require adverse action procedures when a temporarily promoted employee is returned to her previous position even after having served in the temporary position for more than a 2-year period. *See Phipps v. Department of Health and Human Services*, 767 F.2d 895, 897 (Fed. Cir. 1985); *see also Mosley v. Department of the Navy*, 31 M.S.P.R. 689, 690-91 (1986). We agree with the administrative judge's finding that the appellant's time-limited CEP promotion did not automatically become permanent on June 28, 2015, merely because of her supervisor's inaction when her CEP training period ended.[3] ID at 8-9. Contrary to the appellant's arguments on review, the promotion of a Federal employee cannot occur unless an official with the appropriate authority took, authorized, or ratified an action that could reasonably be said to have resulted in a promotion to a permanent position. *See Hoever v.*

---

[3] The administrative judge also found that the agency's human resources department erred in retroactively returning the appellant to her position of record but that the Board has no jurisdiction to consider the appellant's arguments that she was entitled to a GS-7 salary from June 28 to August 8, 2015, when her time-limited promotion was terminated retroactively, or that the agency's debt collection action was improper. ID at 8, 11 n.5. We agree with the administrative judge's finding that the Board has no jurisdiction to consider these issues, and the appellant does not appear to challenge this finding on review. ID at 11 n.5.

*Department of Navy*, 115 M.S.P.R. 487, ¶ 8 (2011).  Here, the appellant has failed to establish that the agency's CEP program created an exception to this general rule or that her promotion became permanent through the passage of time or because of an action taken by agency officials.  Accordingly, we agree with the administrative judge's finding that the Board does not have jurisdiction over an agency's termination of a temporary promotion when, as here, the appellant was returned to her original position without a reduction in grade or pay.  ID at 10.

¶10      In reaching her decision, the administrative judge considered the record evidence, summarized the hearing testimony of the appellant and the agency officials, and made demeanor-based credibility determinations to resolve disputed facts, applying the Board's criteria in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987).  ID at 6-10.  The administrative judge found, in pertinent part, that the agency's human resources (HR) professionals credibly testified that a supervisor is required to submit a Standard Form 52 (SF-52) to HR upon the conclusion of a CEP employee's 52-week training period to permanently promote the employee or to return the employee to her position of record.  ID at 8.  The administrative judge considered the testimony of the appellant's supervisor that she submitted an SF-52 to HR on or about August 7, 2015, requesting that the appellant be returned to her position of record because she failed to fulfill the requirements of the CEP training program.  ID at 8-10.  The administrative judge also found that the appellant's testimony was inconsistent and not credible.  ID at 10.  We find that the administrative judge's demeanor-based credibility determinations deserve deference from the Board.  *See Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed"); *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).

¶11     On review, the appellant also argues that her manager committed perjury by testifying that the NTE date of her temporary promotion was extended to give her additional time to improve her job performance.  PFR File, Tab 1 at 3.  To the extent that the appellant is disputing the reason that the agency extended her temporary promotion or challenging the merits of the agency's action returning her to her position of record rather than permanently effecting her promotion, her argument is not relevant to the dispositive jurisdictional issue before the Board on review.  Accordingly, we affirm the initial decision dismissing this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C. § 7703</u>(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                             Jennifer Everling
                             Acting Clerk of the Board

Washington, D.C.