UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

DIONNE PERRAULT,
              Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
              Agency.

DOCKET NUMBER
DA-0752-15-0522-I-1

DATE: February 10, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Terrence J. Johns, New Orleans, Louisiana, for the appellant.

Sandy S. Francois, New Orleans, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her appeal of an alleged demotion for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We AFFIRM the initial decision as MODIFIED by this Final Order to supplement the administrative judge's jurisdictional analysis.

## BACKGROUND

¶2        Effective June 29, 2014, the appellant was promoted/reassigned from a GS-0525-07 Accounting Technician position to a GS-2210-07 Information Technology Specialist position with a higher adjusted salary due to a special rate of pay under 5 U.S.C. § 5305.  Initial Appeal File (IAF), Tab 8 at 11-12, Tab 30 at 4.[2]  The Standard Form 50 (SF-50) documenting the promotion cited 5 C.F.R. § 335.102[3] and the agency's Career Enhancement Program (CEP) as the legal authority for the agency's action.  IAF, Tab 8 at 12.

---

[2] The record contains documentation describing the June 29, 2014 personnel action as a reassignment, but the parties also have referred to the agency's action as a promotion. IAF, Tab 2 at 7, Tab 8 at 12, Tab 31 at 4.  For purposes of this decision, we subsequently refer to the action as a promotion, but, as we explain *infra* ¶¶ 11-15, we find that the appellant has not made a nonfrivolous allegation of a reduction in grade and that it is unnecessary to decide whether she made a nonfrivolous allegation of a reduction in pay.

[3] Pursuant to 5 C.F.R. § 335.102(f), agencies can "[m]ake time-limited promotions to fill temporary positions . . . for a specified period of not more than 5 years, unless [the Office of Personnel Management] authorizes the agency to make and/or extend time-limited promotions for a longer period."  The regulation also provides that "the employee may be returned at any time to the position from which temporarily promoted,

¶3    CEP positions are entry-level positions in the Federal Government advertised at the GS-5 and/or GS-7 levels with targets at the GS-11 or GS-12 grade levels. *Id.* at 10. According to the agency's CEP Policy, the 52-week program gives employees an opportunity to develop and grow within the agency, when they otherwise would not have been eligible for promotion. *Id.* at 9-10. CEP participants are temporarily assigned to the position with a formalized training plan, and they are expected to satisfactorily complete the requirements of the CEP within the first 52 weeks in the program or they will be returned to their position of record. *Id.*

¶4    The job announcement for the appellant's CEP position informed applicants that initial placement is temporary and, if the selected employee does not satisfactorily complete the program requirements within the first 52 weeks, the employee "will be returned to the position of record if available, or to a position equivalent in grade and salary to the position held before selection to the program." IAF, Tab 30 at 6-7. The job announcement further stated that, although employees in a position with further promotion potential may be noncompetitively promoted if they successfully complete the program requirements and if recommended by management, "promotion is neither implied nor guaranteed." *Id.* at 6.

¶5    In a June 15, 2015 letter, the agency informed the appellant that her temporary placement in the CEP position was being terminated based on management's determination that she did not successfully complete the program requirements. IAF, Tab 7 at 8. Effective June 28, 2015, the agency returned the appellant to her position of record as a GS-0525-07 Accounting Technician. IAF, Tab 8 at 13 (SF-50 citing 5 C.F.R. § 335.102 as the legal authority for the action).

¶6    The appellant filed a Board appeal and requested a hearing, alleging that she was illegally demoted when the agency reassigned her to her "previously held

---

or to a different position of equivalent grade and pay, and the return is not subject to the procedures in parts 351, 432, 752, or 771 of this chapter." 5 C.F.R. § 335.102(f)(1).

grade, title and pay" in the GS-0525 series instead of promoting her to a GS-2210-09 position after she completed the 52-week CEP training program and received "a fully successful performance rating within the first year." IAF, Tab 2 at 3, 5, 7, Tab 29 at 3. The appellant alleged that the agency was required to promote her to the GS-9 position on June 29, 2015, following the 1-year anniversary of her CEP appointment and, after that date, the agency could not simply return her to her previously held position. IAF, Tab 28 at 3-4, Tab 32 at 3-4. The appellant further alleged that, on June 30, 2015, "after the 52 week deadline had passed," the human resources office received management's request to reassign her to her previous position, retroactive to June 28, 2015. IAF, Tab 29 at 3-4. The appellant, an African-American woman, also raised a claim of discrimination based on her race, color, and sex. IAF, Tab 32 at 3-4.

¶7    The administrative judge informed the appellant that the Board may not have jurisdiction over the action she was appealing, explained what is required to establish the Board's jurisdiction over a reduction in grade or pay, and ordered the appellant to file evidence and argument that her appeal was within the Board's jurisdiction. IAF, Tab 3 at 2, Tab 14 at 1-2, Tab 25 at 1-3. The appellant responded, alleging that the agency was required to promote her to a GS-9 position on June 29, 2015, after she successfully completed 52 weeks of training in her CEP position and that her reassignment effective June 28, 2015, was an illegal demotion. IAF, Tab 15 at 3-4. The agency moved to dismiss the appeal for lack of jurisdiction, asserting, in pertinent part, that neither the termination of her temporary promotion nor her nonselection for a permanent promotion was an adverse action appealable to the Board under 5 U.S.C. chapter 75. IAF, Tabs 16-18, 24, 26-27, 31. Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant had failed to make a nonfrivolous allegation of jurisdiction over her appeal. IAF, Tab 33, Initial Decision (ID) at 6-7.

¶8	In reaching her decision, the administrative judge explained that, by regulation, an action that terminates a temporary promotion and returns the employee to the position from which temporarily promoted is not an appealable adverse action under 5 U.S.C. chapter 75.  ID at 6 (citing 5 C.F.R. §§ 335.102(f), 752.401(b)(12)).  She found that the appellant failed to make a nonfrivolous allegation that the action she was challenging was appealable, notwithstanding these regulations.  ID at 6-7.  The administrative judge found that the appellant made only pro forma allegations that she successfully completed her 52-week CEP training period.  *Id*.  She further concluded that the appellant failed to make a nonfrivolous allegation that the CEP gave her greater appeal rights than any other temporarily promoted employee.  ID at 7.  The administrative judge also found that, absent an otherwise appealable action, the appellant's allegations of prohibited discrimination were not an independent source of Board jurisdiction.  *Id*.

¶9	The appellant has filed a petition for review of the initial decision, generally repeating her arguments that the Board can review her demotion appeal because the agency was required to give her a permanent promotion upon her successful completion of the 52-week training in her CEP position.  Petition for Review (PFR) File, Tab 1 at 3-4.  The agency has responded in opposition to her petition for review.  PFR File, Tab 2.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶10	The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  An appellant is entitled to a jurisdictional hearing only if she makes a nonfrivolous allegation of Board jurisdiction.  *Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 14 (2013).  A nonfrivolous allegation of Board jurisdiction is an allegation of fact that, if proven, could establish that the Board has jurisdiction over the matter at

issue.  *Id.*; 5 C.F.R. § 1201.4(s).  In determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties and the agency's evidence may not be dispositive.  *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).  For the following reasons, we find that the appellant has failed to nonfrivolously allege any facts that, if proven, could establish that the Board has jurisdiction over her appeal.

The appellant has not alleged facts that, if proven, could establish that the agency subjected to her to an appealable reduction in grade.

¶11      The Board has jurisdiction over an appeal of a reduction in a Federal employee's grade or pay.  *See* 5 U.S.C. §§ 7512(3)-(4), 7513(d).  In this context, "grade" means a level of classification under a position classification system, and "pay" is defined as the rate of basic pay fixed by law or administrative action for the position held by an employee.  5 U.S.C. § 7511(a)(3)-(4); 5 C.F.R. § 752.402.  Chapter 75's implementing regulations further explain that "pay" means the "rate of pay before any deductions and exclusive of additional pay of any kind."  *Adde v. Department of Health and Human Services*, 110 M.S.P.R. 689, ¶ 10 (2009); 5 C.F.R. § 752.402.  Ordinarily, a reassignment without loss of grade or pay is not appealable to the Board as an adverse action under 5 U.S.C. chapter 75.  *E.g.*, *Marcheggiani v. Department of Defense*, 90 M.S.P.R. 212, ¶ 7 (2001).  Thus, in a case like this, there is ordinarily a threshold jurisdictional issue of whether the appellant has suffered a reduction in grade or pay as those terms are defined for purposes of chapter 75.

¶12      The undisputed documentary evidence shows that the appellant's CEP position and the Accounting Technician position shared the same grade but the

pay was greater in the CEP position due to a special rate of pay under 5 U.S.C. § 5305. IAF, Tab 8 at 11-13. On review, the appellant appears to argue that the CEP position held greater promotion potential than the Accounting Technician position, which could be construed as an argument that she was reduced in grade. PFR File, Tab 1 at 3-4. We find this argument unavailing because promotion potential is not a basis for distinguishing between positions of equal grade for purposes of determining whether an appealable reduction in grade has occurred. *Burrell v. Environmental Protection Agency*, 81 M.S.P.R. 427, ¶ 12 (1999); *Lange v. Department of Transportation*, 1 M.S.P.R. 700, 701-03 (1980).

¶13    To the extent that the appellant claims that she suffered a reduction in grade because the agency should have promoted her to a GS-9 position after 1 year of successful performance in the CEP position, we find that she has failed to make a nonfrivolous allegation of an action within the Board's jurisdiction. The denial of a promotion is not an adverse action that is generally appealable to the Board. *See, e.g.*, *Walters v. U.S. Postal Service*, 65 M.S.P.R. 115, 118 (1994). The appellant did not make any allegations that could implicate any of the exceptions to the general rule. *See generally* 5 C.F.R. parts 1208, 1209 (concerning claims pursuant to the Veterans Employment Opportunities Act of 1998, the Uniformed Services Employment and Reemployment Rights Act of 1994, and the Whistleblower Protection Act, as amended). Further, absent an allegation that a relevant position was reclassified, she has not alleged facts that, if proven, could establish jurisdiction on a "constructive demotion" theory. *See, e.g.*, *Marcheggianni*, 90 M.S.P.R. 212, ¶¶ 7-10.

¶14    Accordingly, we find that the appellant has not made a nonfrivolous allegation that she was subjected to an appealable reduction in grade.

<u>A reduction in grade or pay associated with the termination of an employee's temporary promotion and return to her former position is not an appealable adverse action under 5 U.S.C. chapter 75.</u>

¶15        The appellant may have experienced a reduction in "pay" as that term is defined in 5 U.S.C. § 7511(a)(4) and 5 C.F.R. § 752.402.  However, we find that there is an issue as to whether the special rate of pay under 5 U.S.C. § 5305 associated with the CEP position should be considered in determining whether the appellant has experienced a reduction in "pay" under applicable definitions.  IAF, Tab 8 at 12, Tab 14 at 1-2; *see Adde*, 110 M.S.P.R. 689, ¶¶ 10-14.  We do not reach this issue because, even assuming the appellant experienced a reduction in grade and/or pay, we agree with the administrative judge that the Board lacks jurisdiction to review the type of action challenged here for the following other reasons.  ID at 6-7.

¶16        Under regulations implementing chapter 75, the adverse action appeal process before the Board does not apply when an agency "terminates a temporary or term promotion and returns the employee to the position from which temporarily promoted, or to a different position of equivalent grade and pay, if the agency informed the employee that it was to be of limited duration." 5 C.F.R. § 752.401(b)(12).  Further, 5 C.F.R. § 335.102(f)(1) similarly provides that an employee serving a time-limited promotion "may be returned at any time to the position from which temporarily promoted, or to a different position of equivalent grade and pay, and the return is not subject to [certain procedures]," including, as particularly relevant here, the procedures governing adverse actions set forth in 5 C.F.R., part 752, subpart D.  The Board and the U.S. Court of Appeals for the Federal Circuit have long followed the implementing regulations excluding such actions from the adverse action appeal process.  *See, e.g.*, *Mosley v. Department of the Navy*, 31 M.S.P.R. 689, 690-91 (1986); *Phipps v. Department of Health and*

*Human Services*, [767 F.2d 895](), 897 (Fed. Cir. 1985).[4]  For the following reasons, we agree with the administrative judge's conclusion that the exclusion in [5 C.F.R. § 752.401](b)(12) applies here.

¶17　　We find that the appellant has failed to make a nonfrivolous allegation that her promotion through the CEP was anything other than temporary.  We find nothing in the terms of the agency's CEP, vacancy announcement, or appointing documentation that suggests that her temporary promotion might become permanent absent further explicit agency action.  This is consistent with the general rule that the promotion of a Federal employee cannot occur unless an official with the appropriate authority took, authorized, or ratified an action that could reasonably be said to have resulted in an appointment or promotion.  *See Hoever v. Department of Navy*, [115 M.S.P.R. 487](), ¶ 8 (2011).  The appellant has not made a nonfrivolous allegation that any such act occurred here.

¶18　　We have considered the appellant's theory that she should be deemed to have been promoted because she successfully completed 52 weeks in the CEP position; however, we find that she has not identified any legal authority or alleged any facts that, if proven, could establish that she was entitled a promotion under these circumstances absent further express action from the agency.  The appellant relies in particular on the following excerpt from the agency's CEP Policy:

> Positions are initially filled as temporary, with the option to make the selection permanent within the first 12 months (52 weeks) of program participation.  The selection is made permanent and the employee non-competitively promoted to the next grade in the career ladder when:
>
> > 1. Time in grade and specialized experience requirements have been met;

---

[4] Although the implementing regulations have undergone revision since these cases were decided, we find that the fundamental principle has remained constant and any differences in the regulations are immaterial to the outcome of this appeal.

> 2. Training requirements for the current grade level have been successfully completed; and
>
> 3. Performance is at a fully successful level or higher at the current grade level as documented by quarterly performance between the employee and supervisor.

IAF, Tab 30 at 9-10. In the appellant's view, she satisfied all of these criteria, and the agency could no longer deny her a promotion after she occupied the CEP position for more than 52 weeks. *E.g.*, IAF, Tab 15 at 3, Tab 29 at 3; PFR File, Tab 1 at 3-4. We find that the appellant has failed to make a nonfrivolous allegation that the agency was obligated to promote her after she occupied the CEP position for 52 weeks. On its face, the agency's CEP Policy does not support the appellant's theory; instead, it reinforces the normal rule that the decision to promote requires action by agency management. *See Hoever*, 115 M.S.P.R. 487, ¶ 8. For instance, the CEP Policy refers to management's "option" to make the selection permanent during the first 52 weeks of participation. IAF, Tab 30 at 9. It further provides for permanent noncompetitive promotion only after the employee "successfully" completes training requirements and her supervisor documents her performance at a "fully successful level or higher," thus anticipating assessment by management. *Id.* at 9-10. Accordingly, we find that the appellant has not alleged any facts that, if proven, could establish that her promotion through the CEP was anything other than temporary. ID at 6-7; *see Phipps*, 767 F.2d at 896-97 (rejecting an employee's argument, concerning a prior version of 5 C.F.R. § 335.102(f), that "the mere lapse of time" created new rights to a position to which an employee had been temporarily promoted).

¶19        We further find that the undisputed record shows that the agency informed the appellant that her promotion to the CEP position was to be of limited duration. The vacancy announcement created no express or implied right to continued employment in her temporary position. IAF, Tab 30 at 6. The job announcement specified that CEP participants receive temporary position

assignments and that "promotion is neither implied nor guaranteed." *Id.* We find that the appellant has failed to make a nonfrivolous allegation that 5 C.F.R. § 752.401(b)(12) does not apply because of a lack of notice that the promotion to the CEP position was to be of limited duration.

¶20    It is also undisputed that the agency returned the appellant to a GS-7 Accounting Technician position, which was the position and grade she occupied prior to her temporary promotion through the CEP. IAF, Tab 2 at 7, Tab 29 at 3. The appellant does not claim that she has been returned to a position with a reduction in grade or pay as compared to what she held prior to taking the temporary promotion through the CEP.

¶21    Thus, we find the facts alleged clearly implicate the regulations rendering the adverse action appeal process inapplicable to an agency's action terminating an employee's temporary promotion and returning her to the position from which she was temporarily promoted. *See* 5 C.F.R. § 752.401(b)(12). We find that the appellant has failed to make a nonfrivolous allegation that this regulatory limitation does not apply to her claims. Accordingly, we affirm, as modified, the initial decision dismissing this appeal for lack of jurisdiction.[5]

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[5] The administrative judge found that, absent an otherwise appealable action, the Board does not have jurisdiction over her allegations of prohibited discrimination. ID at 7. The appellant does not specifically dispute this finding on review, and we find no reason to disturb it. *See Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), (finding that 5 U.S.C. § 2302(b) is not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[7]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      /s/ for
          Jennifer Everling
          Acting Clerk of the Board

Washington, D.C.